SMITH, CULVER, Associate Judge.
This is an appeal from a Final Judgment entered in favor of Appellees, plaintiffs below, and against Appellants, defendants below. This Judgment was entered May 1, 1972. The parties will be referred to as they stood in the trial Court. Before the entry of the Final Judgment, that Court had denied defendants’ Motion for Directed Verdict and Motion for New Trial. Defendants assign as error, the entry of the Final Judgment and the denial of the motions recited above. There are other assignments of error which need not be considered.
Briefly, the pertinent facts are that in 1968 the plaintiffs purchased two lots from the defendants which were a part of Ray-mar Manor Addition. This addition was, at one time, owned entirely by the defendants. At the time of the purchase, the County Zoning Regulations restricted the property to residential construction. In 1970 the plaintiffs began construction thereon, but were informed by their contractor that the soil was not suitable for the laying of the foundation of their house without extensive demucking and compacting. The 'Raymar Manor Addition had been filled by the defendants, beginning in 1961. Plaintiffs thereupon brought suit to recover the cost of preparing the soil, charging the defendants with fraud and deceit by concealing a material fact with intent to deceive them.
It is our view that plaintiffs’ evidence produced on the trial of this action failed to establish a prima facie case of fraud and deceit. Plaintiffs do not allege or claim that any fiduciary relationship existed between the parties. The charges they make are that the defendants knew the subject property was unsuitable for the erection of improvements, that it was sold when zoned as residential, and that defendants failed to inform the plaintiffs of a latent soil defect, although they were under a duty to do so. No allegation is made of any representations to plaintiffs by either the defendants or anyone on their behalf, and the evidence produced on .behalf of the plaintiffs was to the contrary. Neither did plaintiffs make any inquiry of defendants as to the condition of the property.
As to defendants’ knowledge of alleged unsuitability of the property, all defendants knew was that other houses had been built on adjacent lots without any compacting or other treatment of the soil which would contradict any knowledge of defendants of a latent soil defect, or in fact, even of the actual existence of such a defect.
Plaintiffs cite the case Ramel v. Chasebrook Construction Co., Inc., Fla.App., 135 So.2d 876. This case is easily distinguisha *141 ble from the one under consideration. First, it involved the sale of a house, and second, the sellers made a positive statement to purchasers that the house was well constructed.
The parties go into the question of implied warranty in their briefs. Plaintiffs cite the cate of Gable v. Silver, Fla.App., 258 So.2d 11, decided by this Court January 14, 1972. That case dealt with first purchasers of condominium homes. It did not involve the sale of unimproved lands, and has no bearing thereon. The opinion specifically states:

“We also realize and memorialize that our facts limit our decision to the sale of new homes or condominiums.”

We hold that in the instant case, the trial Court should have granted defendants’ Motion for Directed Verdict.
Reversed and remanded with instructions to enter judgment for the defendants.
OWEN, C. J., and WALDEN, J., concur.